UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES     Plaintiff

v.     Civil Action No. 3:97-CR-44-RGJ

DION ROSS     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Dion Ross's ("Ross's") *pro se* motion to expunge. [DE 113]. Briefing is complete [DE 115] and this matter is ripe. For the reasons below, the Court will **DENY** Ross's Motion for Expungement of Record. [DE 113].

### I.     BACKGROUND

On August 25, 1997, Ross pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371, aiding and abetting producing/trafficking a counterfeit device in violation of 18 U.S.C. § 1029(a)(2), and aiding and abetting frauds and swindles in violation of 18 U.S.C. § 1341. [DE 43]. On November 14, 1997, the Court sentenced him to five years of probation and ordered him to pay restitution of $33,388.49, jointly and severally with his codefendants. [DE 62]. Ross did not directly appeal or collaterally attack his sentence. [DE 115 at 110]. Ross still owes approximately $20,000 in restitution. *Id.* at 113.

More than twenty years after he was sentenced, Ross filed this Motion requesting that the Court expunge his felony convictions so that he can "open a homecare for veterans, elders, homeless, children, [sic] handicap." [DE 113 at 109]. Ross characterizes his criminal charges as an "incident on his police record that is a misfault [sic] that he had nothing to do with that [sic] keeping him from starting his homecare place." *Id.*

1

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond what is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party moving to expunge has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

Certain statutes explicitly permit the sealing or expunging of criminal records under limited circumstances. *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). None of these statutes apply here, and there is no federal statute that supplies district courts with the general authority to expunge valid criminal convictions. *See United States v. Welch*, No. 1:05–CR–158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other way this Court may entertain Ross's request to expunge is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). Courts may assert ancillary jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent when doing so would permit disposition of those claims by a single court. *Kokkonen*, 511 U.S. at 379 (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380 (citations omitted). The power to expunge or seal a conviction may be exercised only if doing so would serve the second purpose. *United States v. Smith*, No. 1:05–CR–286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental" or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914.

A district court's ancillary expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996) (quotation marks and citation omitted).

In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions, but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916; *see, e.g.*, *United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, to expunge or seal a conviction under ancillary jurisdiction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Ross has not raised a constitutional challenge. For that reason alone, the Court must deny his motion to expunge. In addition, entertaining Ross's motion to expunge his twenty-four-year-old convictions would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Expunging a conviction years after the closing of the case does not manage the original case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874–75 (finding that the court lacked any authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). There is no reason this Court may now assert jurisdiction over Ross's motion more than two decades after the entry of the final judgment of the original case.

Consequently, this Court does not have ancillary jurisdiction to entertain his motion to expunge his valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905

3

(S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged") (collecting cases).

While this Court commends Ross for his desire to "open a homecare for veterans, elders, homeless, children, [sic] handicap" and is sympathetic to the difficulties that felons often face in society, these are equitable considerations that cannot invoke ancillary jurisdiction. [DE 113 at 109]; *see Field*, 756 F.3d at 916. His convictions were and remain valid, and the Court may not now invoke ancillary jurisdiction to entertain his motion. Therefore, because this Court lacks jurisdiction, Ross's motion must be denied.

### III. <u>CONCLUSION</u>

For all these reasons, Ross's Motion for Expungement of Record [DE 113] is **DENIED**.

Copies to Counsel and Defendant -Ross